# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JOHN WENDELL CHRISTOPHER, | : | No. 3:17cv2272 |
| --- | --- | --- |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| NANCY A. BERRYHILL, | : | |
| Acting Commissioner of Social | : | |
| Security, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Chief Magistrate Judge Susan E. Schwab's report and recommendation (hereinafter "R&R") which proposes affirming the decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. (Doc. 18). Plaintiff's action is brought under Sections 205(g) and 1631(c)(3) of the Social Security Act and 42 U.S.C. § 405(g). The matter is fully briefed and ripe for disposition.

**Background**

Plaintiff John Wendell Christopher began his quest for benefits under Title II of the Social Security Act on June 29, 2015, when he filed an application for disability insurance benefits. (Doc. 18, R&R at 2). Plaintiff alleges that his

disability began June 2, 2015. (Id.) The plaintiff's application was denied by the Social Security Administration (hereinafter "SSA") on August 8, 2014. (Id.) Plaintiff thereafter requested an administrative hearing before an Administrative Law Judge (hereinafter "ALJ"). (Id.)

At the hearing on May 18, 2017, ALJ Daniel Balutis learned that the plaintiff, who lives with his wife and seven children whom range in age from six to eighteen, experiences difficulties because of his back and blood clotting conditions. (Id.) The plaintiff expressed that he had recently undergone a second surgery on his back because his "disc [had] migrated and cut into the nerve." (Id. at 3). The plaintiff explained that his blood clotting issues began after his first back surgery in November 2015. (Id.) The plaintiff explained that he experiences pain in his right leg and low back which makes it difficult to walk and stand and complete other basic everyday tasks. (Id. at 4). When asked about prior employment, the plaintiff relayed that he had worked in the past as a self-employed pastor, a Chaplain Resident at the Lehigh Valley Hospital, and a Certified Nursing Assistant. (Id. at 3).

The ALJ ultimately found that plaintiff was not disabled under the Social Security Act. (Id. at 7). Plaintiff sought further review of his claims by the SSA Appeals Council, but his request was denied on October 26, 2017. (Id.) Thus, the ALJ's decision is the final decision of the Commissioner.

Plaintiff initiated the instant action on December 11, 2017, asking us to reverse the decision of the ALJ and award benefits, or remand for a new hearing. (Doc. 1). Plaintiff seeks this reversal on the grounds that the ALJ's decision to deny his claim for benefits was not supported by substantial evidence and contains errors of law.

Chief Magistrate Judge Schwab reviewed the record in this case and recommends that the final decision of the Commissioner of Social Security denying plaintiff's benefits be affirmed. (Doc. 18). The plaintiff filed objections to the magistrate judge's R&R. (Doc. 19). On March 15, 2019, the Commissioner filed a response, bringing the case to its present posture. (Doc. 20).

**Jurisdiction**

The court has federal question jurisdiction over this SSA appeal. See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); see also 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced

within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business....").

**Legal Standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. S 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

In reviewing a Social Security appeal, the court must determine whether "substantial evidence" supports the ALJ's decision. See 42 U.S.C. § 405(g); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "[S]ubstantial evidence has been defined as 'more than a mere scintilla.' " Hagans, 694 F.3d at 292 (quoting

4

Plummer, 186 F.3d at 427). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).

The court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion. See 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (stating that courts may not weigh the evidence or substitute their own conclusions for those of the fact-finder); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (indicating that when the ALJ's findings of fact are supported by substantial evidence, courts are bound by those findings, even if they would have decided the factual inquiry differently). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo, 383 U.S. at 620.

Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal

Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971).  "When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.' " Plummer, 186 F.3d at 429 (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)).  The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008).  Thus, a reviewing court must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

**Discussion**

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  An individual is incapable of engaging in "substantial gainful activity" when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2).

The ALJ evaluates disability benefits claims with a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(4). This analysis requires the ALJ to consider, in sequence, whether a claimant (1) is engaging in substantial gainful activity; (2) has an impairment, or combination of impairments, that is severe; (3) has an impairment or combination of impairments that meets or equals the requirements of a "listed impairment"; (4) has the "residual functional capacity" to return to his or her past work; and (5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4).

Applying the five-step sequential analysis to the instant case, the ALJ found at Step 1 that plaintiff has not engaged in substantial gainful activity since June 2, 2015, the alleged onset date. (Doc. 8-2, Trans. of Proceed. at 12). At Step 2, he found that plaintiff had the following severe impairments: mild bilateral radiculopathies, severe canal narrowing and moderate neuroforaminal narrowing status post partial L4 and L5 laminectomies with bilateral foraminotomies and removal of L4-5 disc osteophyte complex on October 13, 2015; L4-5 disc herniation with lumbar radiculopathy status-post L4-5 micro discectomy on March 28, 2017; chronic venous insufficiency, hypertension; and obesity. (Id. at 13). At Step 3, the ALJ found that plaintiff does not have an impairment or combination

of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Id.)

The ALJ next determined that plaintiff has the residual functional capacity (hereinafter "RFC") to: "perform sedentary work. . . The claimant can lift/carry and push/pull 2-3 pounds frequently and no more than 10 pounds occasionally. The claimant can sit for 6 hours but when sitting, the right leg needs to be elevated no more than 45 degrees and he should alternate to standing for 5 minutes, after every 30 minutes of sitting. He can stand for 2 hours but should alternate to sitting for 5 minutes after every 30 minutes of standing. He can walk for 2 hours and he is required to use a single point cane to ambulate but he can carry with the alternate non-cane hand. He should also alternate to sitting for 5 minutes after every 30 minutes of walking. He can never operate foot controls with right foot. The claimant can occasionally balance, stoop, kneel, crouch, and climb ramps and stairs, but never crawl and never climb ladders, ropes, or scaffolds. The claimant can never work at unprotected heights and never work around moving mechanical parts, but he can be around vibration frequently." (Id. at 15).

The ALJ then proceeded to Step 4 of the sequential evaluation where he found, after reviewing vocational expert testimony, that plaintiff was "unable to perform any past relevant work." (Id. at 19). The ALJ identified past relevant work as a certified nurse's aid. (Id.)

Finally, at Step 5, the ALJ determined that because plaintiff is a younger individual at 43 years old at the alleged disability onset date, has at least a high school education, and is able to communicate in English, plaintiff could successfully adjust to other work. (Id. at 20). Although the ALJ recognized that the plaintiff's ability to perform work at all exertional levels is compromised by his nonexertional limitations, the ALJ ultimately concluded that the plaintiff could work as an assembler of optical goods, a video monitor, or a credit checker. (Id.) A vocational expert testified at the hearing before the ALJ that these jobs exist in the national economy for an individual with the plaintiff's age, education, work experience, and residual functional capacity. (Id.) As such, because the ALJ concluded that plaintiff is capable of making a successful adjustment to other work, he determined that plaintiff does not qualify as a disabled individual. Plaintiff then filed the instant appeal.

As noted above, the Clerk of Court assigned plaintiff's appeal to Chief Magistrate Judge Schwab for an R&R. Magistrate Judge Schwab recommends affirming the decision of the Commissioner of Social Security. (Doc. 13). Magistrate Judge Schwab determined that the ALJ's decision to deny plaintiff's claims for disability benefits is supported by substantial evidence in the record. Specifically, the magistrate judge found that: 1) although the ALJ did not have

9

substantial evidence to support his finding that the plaintiff's leg must be elevated no more than forty-five degrees when sitting, the error was harmless and 2) the ALJ did not err in failing to order either a consultative examination and/or a medical expert.

The plaintiff objects only to Magistrate Judge Schwab's conclusion that the ALJ's unsupported finding regarding the degree of plaintiff's leg elevation is harmless error.[1] He contends that the RFC is defective because of this unsupported finding. When posed a hypothetical question by the ALJ about whether jobs exist in the national economy for an individual with the plaintiff's RFC, the vocational expert at the hearing concluded that such jobs do exist. The plaintiff contends that the matter should be remanded because the vocational expert was told to take into account the fact that the individual would need to elevate his leg at times at least forty-five degrees as part of the RFC. We disagree with the plaintiff.

The record demonstrates, and plaintiff's treating physician's medical opinion supports, that when sitting, the plaintiff is to elevate his right leg. We agree with the plaintiff that the actual degree to which the leg must be elevated, however, was not addressed at the hearing or in the record. The plaintiff takes

---

[1] The plaintiff agrees with the magistrate judge's conclusion that the ALJ did not have substantial evidence to support his finding that plaintiff requires forty-five degree elevation of his right leg when sitting.

10

issue with the forty-five degree determination by the ALJ, but does not argue that the plaintiff requires a different degree elevation. Further, the plaintiff has not shown how a different degree designation would change the outcome of the ALJ's finding that the plaintiff is not disabled under the Social Security Act.

The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination. See Shinseki v. Sanders, 556 U.S. 396, 409 (2009). Plaintiff acknowledges this case law but argues that he did meet his burden of showing that the error is harmful. The plaintiff contends that the vocational expert's opinion, that the plaintiff could find work in the national economy, was based on a hypothetical question posed by the ALJ which included the forty-five degree leg elevation requirement. In support, the plaintiff relies on two cases, Chrupcala v. Heckler, 829 F.2d 1269 (3d Cir. 1987) and Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), which he argues stand for the proposition that when an ALJ's denial of benefits is not based upon an accurate hypothetical, reversal is the most appropriate disposition of the case.

After a careful review, we find that these cases are distinguishable from the case at hand. For example, in Chrupcala the court found that the Appeals Council's finding--that the plaintiff's testimony regarding his constant and severe pain was not supported by the evidence and therefore not credible-- was not based on substantial evidence. Churpcala, 829 F.2d at 1274. Because the

vocational expert was posed a hypothetical question which did not reflect the plaintiff's severe pain, which was supported by the record, the question was deficient, and the expert's answer could not therefore be considered substantial evidence. Id. Similarly, in Podedworny, the ALJ, in posing his hypothetical to the vocational expert, failed to include two very specific impairments, dizziness and blurred vision. Podedworny, 745 F.2d at 218. The court noted that these impairments are medically undisputed and could seriously affect the appellant's ability to engage in alternative employment. Id. Because the ALJ did not mention those problems in his question, the court found that the expert's answer to the hypothetical could not be considered substantial evidence. Id.

Here, the plaintiff has not demonstrated how a different designation would seriously affect his ability to engage in employment, or how it would affect the outcome of the ALJ's finding that he is not disabled under the Social Security Act. As noted by Magistrate Judge Schwab, when the ALJ posed to the vocational expert a hypothetical that included a forty-five degree leg elevation, the plaintiff's attorney did not contest the height of the elevation. (Doc. 8-2, Trans. of Proceed. at 68). We also note that the vocational expert also did not specifically address the specific degree limitation in his answer, rather, he simply stated that in his opinion, "rais[ing] a leg at waist level" or "a three-foot level would be" an accommodation, but also stated that any erosion of available jobs "would depend

12

on the employer" and the employer's willingness to accommodate the elevated leg. (Id.)  We have no reason to believe, based on this testimony, that a hypothetical question with different degree limitation posed would change the vocational expert's opinion that accommodations such as this would depend on the employer's willingness to accommodate the plaintiff.

Further, we agree with the magistrate judge that the plaintiff had the opportunity to address any ambiguity about his leg elevation height during the hearing but elected not to do so. The record is otherwise void of any indication as to how high the plaintiff typically elevates his leg while sitting. Even now, at this stage in his appeal, he fails to articulate at what degree his leg must be elevated. We cannot, therefore, logically conclude that the forty-five degree designation for plaintiff's leg elevation is a sufficiently significant error to justify remand.

**Conclusion**

For the foregoing reasons, we will overrule plaintiff's objection and adopt the R&R of Chief Magistrate Judge Schwab. Plaintiff's request for a new administrative hearing will be denied, and the Commissioner's final decision denying the plaintiff's application for Social Security Benefits under Title II of the Social Security Act will be affirmed. An appropriate order follows.

**BY THE COURT:**

**Date: March 28, 2019**

**s/ James M. Munley_____
JUDGE JAMES M. MUNLEY
United States District Judge**